1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

ANGELO JOSEPH FERNANDEZ,                     )   1:08-cv-01102-TAG HC
                                             )
9                         Petitioner,        )   ORDER DISMISSING PETITION FOR WRIT
                                             )   OF HABEAS CORPUS (Doc. 1)
10        v.                                 )
                                             )   ORDER DIRECTING CLERK OF COURT TO
11                                           )   MAIL PETITION FORMS FOR CIVIL RIGHTS
STATE OF CALIFORNIA,                         )   ACTION PURSUANT TO 42 U.S.C. § 1983
12                                           )
                          Respondent.        )
13 _____ )

14
15        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.  On July 9, 2008, Petitioner filed his petition for writ of habeas

17   corpus in the United States District Court for the Central District of California.  (Doc. 1).  On

     July 31, 2008, the case was transferred to this Court.  (Doc. 4).
18
19        Petitioner, who, at the time of filing of the petition, was incarcerated in Wasco State

20   Prison ("WSP"), Wasco, California, raises a single ground for relief in his petition, i.e., that

21   Respondent prevented Petitioner from attending religious service on July 2, 2008,  in violation of

22   Petitioner's First Amendment right to freedom of religion.   Petitioner does not challenge either

     his conviction or sentence, or the execution of his sentence.
23
24                                      **DISCUSSION**

25        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

26   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

27   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

28   4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

1

1 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

2 petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C.

3 § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

4 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting

5 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the

6 Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C.

7 § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

8 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

9 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

10        In this case, Petitioner complains that Respondent prevented him from attending a

11 religious service on July 2, 2008 because of his "gang affiliation."  (Doc. 1, p. 3).  Petitioner is

12 thus challenging the conditions of his confinement, not the fact or duration of that confinement.

13 Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

14 Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights

15 complaint pursuant to 42 U.S.C. § 1983.

16                                    **ORDER**

17        Accordingly, the Court HEREBY ORDERS as follows:

18        1.  That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the

19        petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

20        2.  That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims

21        pursuant to 42 U.S.C. § 1983; and,

22        3.   The Clerk of the Court is DIRECTED to close the file.

23

24

25 IT IS SO ORDERED.

26 Dated:   **October 7, 2008**                              **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE

27

28